James Nathan LOWERY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15674.

United States Court of Appeals Ninth Circuit.

July 21, 1958.

Rehearing Denied Aug. 27, 1958.

James M. Lowery, in pro. per.

William C. Goodloe, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Murray B. Gutterson, Jeremiah M. Long, Asst. U. S. Attys., Seattle, Wash., for appellee.

Before BONE, BARNES and HAMLEY, Circuit Judges.

BONE, Circuit Judge.

Appellant was convicted after a trial before a jury on all counts of an eight count indictment which charged him with violations of federal narcotics laws. This appeal is from that conviction.

This Court granted appellant's motion to appeal in typewritten form. Thereafter he filed two typewritten briefs which wholly failed to conform to the requirements of Rule 18(2) (a) (b) (c) and (d) of this Court, 28 U.S.C.A. A complete transcript of trial proceedings has not been filed with this Court.[1] Furthermore, no showing is made that appellant ever filed with the lower court a "designation" of any part of the record on this appeal. See Rule 39(b) (1) Rules of Criminal Procedure, 18 U.S.C.A. and Rule 75(a) Rules of Civil Procedure, 28 U.S.C.A. Apparently a designation was never filed by the appellee.

Prior to filing his Opening Brief, appellant filed with this Court a document styled "Points Raised on Appeal." These four "points" are:

(1) The Court erred in denying appellant's motion for acquittal.

(2) The verdict is contrary to the weight of evidence.

(3) The Court erred in charging the jury and in refusing to charge the jury as requested.

(4) The appellant was denied a fair trial.

Possibly, appellant's "Points Raised on Appeal" were intended by him to perform the office of specification of errors occurring at trial. He did not set forth a specification of errors in his briefs as required by the rules of this Court. Obviously each of his so-called "points" is an attack upon the proceedings at trial in the lower court.

■ As to point one above noted, the record transmitted to this Court does not show whether appellant made a motion for acquittal at any stage of the proceed-

---

1. After appellant filed his notice of appeal in the lower court, the Clerk of that court transmitted to this Court all of the "original papers" (excluding exhibits) in appellant's file in the instant case. Apparently this step was taken by the said Clerk on his own motion since appellant did not file with the lower court a "designation" of any portions of the record, proceedings, and evidence in the instant proceeding in the lower court. This file of "original papers" does not contain or include a transcript of any of the testimony taken at the trial of appellant.

Subsequently, appellant filed with this Court *two documents*, one being a reporter's transcript of proceedings had in the lower court upon appellant's motion for a new trial and upon sentencing. The second document was a *portion* of the testimony of one Dupuis, a government witness in appellant's trial. Aside from the two documents here mentioned, the file of so-called "original papers" represents the *entire* record now before this Court.

ings, nor does this record show the ruling of the trial court thereon, if such a motion was made.

■ As to appellant's point 2, aside from the very brief extract from the testimony of Dupuis (referred to in footnote 1) none of the testimony taken at trial appears in the "original papers" transmitted to this Court by the clerk of the lower court or elsewhere in the record before us. In the face of this absence of any record of the testimony at trial, it is impossible to determine whether the verdict of the jury is "contrary to the weight of evidence."

■ Point 3 urged by appellant is that the trial court erred in charging the jury, and in refusing to charge the jury, as requested. Since the instructions given were not brought up, we have no way of determining in what respect, if any, the instructions given by the court were erroneous. The "original papers" transmitted to this Court do contain certain "requested instructions" submitted by appellant, but there is nothing in this record to indicate that the trial court refused to give these requested instructions, or that the court did, or did not, give equivalent instructions, or instructions that fully protected appellant's rights.

■ Appellant's point 4 is a blanket charge that he was denied a fair trial. From the scanty record before us, it is impossible to determine in what respect trial procedures might have denied him a fair trial. A judgment based on what is now before us would compel resort to sheer speculation.

■ Most of appellant's opening brief in support of his four "points" is given over to arguments on what he contends were the facts developed at trial. These arguments are advanced by appellant as though this Court had before it all of the testimony concerning the matters he discusses. Arguments are not a substitute for a record showing just what happened in the trial.

■ In his briefs appellant asserts that he was denied a fair trial because certain "illegally seized" evidence was used against him at trial, to wit: a portion of heroin, a small measuring spoon, and certain currency. The abbreviated record before this Court does not support appellant's assertions in that:

1. It does not show that any of the items complained of were ever introduced into evidence as alleged by appellant.

2. If these items were introduced in evidence, there is no showing in the record that at the trial appellant objected to their introduction.

3. Though the file of "original papers" transmitted by the Clerk of the lower court indicates that at some time prior to trial, appellant moved to suppress this evidence, there is no indication in this file as to how the lower court may have ruled upon this motion.

■■ It is not necessary to discuss in any detail appellant's arguments in his briefs as to improprieties of government agents in obtaining and executing a search warrant. The record is completely devoid of any showing that evidence connected in any way with the mentioned search warrant was used at trial to obtain appellant's conviction. Appellant further argues that he was denied the right "to confront the witnesses against him" as guaranteed by the Sixth Amendment. There is nothing in the record before us to indicate who did or did not testify at appellant's trial.

■ Appellant's final argument in his briefs is that he was denied a fair trial by a prejudicial statement made at trial by one government witness. The *only* testimony given at the trial which is before this Court is the *portion* of the testimony of witness Dupuis referred to in footnote 1. Appellant argues in his briefs that there was a statement in the testimony of Dupuis to the effect that appellant was "a three times loser." The only testimony in the entire case that is before us is the aforementioned portion of the Dupuis testimony, and that part

of his testimony contains no reference to appellant being "a three times loser."

Since appellant has seen fit to proceed with his appeal on the wholly inadequate record we have described, the judgment must be and is affirmed.