**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roberto MAGANA, Defendant-Appellant.**
**No. 71–1086.**

United States Court of Appeals, Ninth Circuit.

Jan. 6, 1972.

---

Donald B. Marks, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty. and Chief, Crim. Div., Irving Prager, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction in the United States District Court based upon a one count indictment charging that the appellant "knowingly and unlawfully received, concealed, and facilitated the concealment and transportation" of heroin, contrary to the provisions of 21 U.S.C. § 174. Trial was to the court without a jury and the defendant was sentenced to five years imprisonment. We affirm.

The single assignment of error is that the government failed to establish that the appellant knowingly and unlawfully violated the statute.

On this appeal the evidence must be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942). Although the appellant took the stand and testified to his innocence, the evidence was overwhelmingly to the contrary.

The government produced evidence that appellant appeared on three occasions when narcotics were transferred. The third occasion was that upon which the indictment was based. Appellant's uncle, who actually handed the heroin to the government agent, explained that appellant was present because he was the source of supply. The appellant testified he lived in Tijuana, Mexico, and had come to the United States the day before the sale in question. Government agents observed him hand the box, which was later found to contain the heroin, to his uncle, who in turn delivered it to the undercover agent.

It was only necessary that the government present facts from which the trier of fact could draw the reasonable inference that the appellant was guilty beyond a reasonable doubt. United States v. Brown, 436 F.2d 702, 704 (9th Cir. 1970). This burden the government clearly met.

The judgment is affirmed.