UNITED STATES of America,
Plaintiff-Appellee,

v.

Leonard Joseph JOHNSON, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Alvin James WHITE, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Clinton Crubet WOODS, Defendant-
Appellant.

Nos. 73-1118, 72-3021 and 72-3022.

United States Court of Appeals,
Ninth Circuit.

July 23, 1973.

Rehearing Denied in No. 72-3021
Sept. 5, 1973.

Certiorari Denied Dec. 17, 1973.
See 94 S.Ct. 842.

Luke McKissack (appeared), Holly-
wood, Cal., for appellant Johnson.

Martha Goldin, Atty. (argued), Los Angeles, Cal., for appellant White.

Norman W. DeCarteret, Sherman Oaks, Cal., for appellant Woods.

Barry Russell, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before KOELSCH and TRASK, Circuit Judges, and BURNS,* District Judge.

PER CURIAM:

At trial, the jury found each of the Appellants guilty of violating provisions of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S. C. § 801 et seq., especially §§ 841(a)(1) and 846, (1970). Each Defendant appealed from the resulting judgment of the trial court. We affirm.

The facts in this case (which involve events on June 14 and 29, 1972) appear to follow what has come to be a common pattern. The jury could properly find the following: Operating under cover, Special Agent Brandon, of the Bureau of Narcotics and Dangerous Drugs, relied upon an informant for an approach to the Defendants. On June 14, 1972, the informant, Jackson, introduced Brandon, as a buyer of heroin from Detroit, to Woods at Woods' home. Brandon and Jackson returned later that afternoon, in Brandon's car. Johnson was seen, with White as his passenger, driving up to Woods' home. Johnson entered the home, and shortly after, returned to the car, and he and White left. In response to a wave from Johnson to Jackson, Brandon drove after Johnson to an adjacent gasoline station. Jackson then introduced Brandon to Johnson. Meanwhile, White walked around the parking lot in the manner of a lookout. After a discussion of a possible "deal" for a one ounce "piece" of heroin, Johnson then walked in the direction of the station building, following White. He returned alone to Brandon's car, but refused to deal, because he was fearful that police were watching.

Instead, Johnson arranged a second meeting for that evening at a specified club. Under the surveillance of other agents, Johnson drove White directly to the club. Brandon had already met Jackson there. In White's presence, Johnson mentioned a "sample" previously furnished to Jackson, which the informant had turned over to Agent Maxwell. Johnson discussed a "deal" for a one ounce "piece" of heroin. Johnson drove Brandon to another gasoline station parking lot and left the car. When Johnson returned to the car, a few moments later, he failed to produce any heroin. He claimed that his "connection" had failed to appear. After Brandon protested at this procedure, Johnson explained that, as a result of this procedure and Brandon's reaction to it, Johnson finally trusted Brandon and that there would be a "deal."

Johnson instructed Brandon to unlock his automobile, which had remained in the club parking lot. After they returned to the club, Brandon went back inside. Brandon watched from the club, while Johnson approached the car, opened the driver's door (which Brandon had unlocked), sat in the car, and then left. Brandon returned to the car and found a condom containing 26.1 grams of heroin on the floor under the steering wheel. Brandon met Johnson in the parking lot and paid him $650 in $50 bills for the requested price of $625. Brandon reentered the club and discussed the deal with Jackson and White. Brandon had one more meeting with Johnson to receive his change. White was present, while Brandon also discussed a possible future "deal" for larger quantities.

On June 29, 1972, Brandon telephoned Woods to say that he was "back in town" and "ready to do business." After arriving at Woods' house, Brandon took over from Woods a telephone conversation with White. Brandon indicated he wanted to buy one and one-half pounds

---

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

of heroin. White responded that such a big order would take more time to arrange. White called back to say that further time would be required. Brandon left Woods' house. That afternoon, Brandon called Woods and Woods said that the heroin was enroute. Next, White called Brandon to explain that the heroin was being gathered together and that the price would be $18,500. White called again to confirm the terms. Woods made a final telephone call to explain that the deal would be made at his home.

Brandon drove to the house. Johnson, White and Woods were waiting. Brandon followed Johnson to a shed at the rear of the house. Johnson produced a paper bag from the ground and entered the shed, where he shook out six small, plastic bags onto the floor. The bags contained a substance that Brandon thought resembled heroin. Johnson explained that the "deal" would be completed in six ounce segments. After a protest, Brandon agreed. Woods entered the shed during the conversation as to the manner of dealing. Brandon left, claiming that he was going to his car to get his money from the trunk. The Defendants were arrested by other agents shortly thereafter.

On July 31, 1972, the grand jury returned a four count indictment. Count one charged Johnson, White and Woods with a conspiracy, for the period from June 14 through June 29, 1972, to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 846 (1970). Count two charged Johnson alone with possession, with intent to distribute, one ounce of heroin on June 14, in violation of § 841(a)(1). Count three charged both Johnson and White with distribution of one ounce of heroin on June 14, in violation of § 841(a)(1). Count four charged all three Defendants with possession with intent to distribute six ounces of heroin on June 29, in violation of § 841(a)(1).

Prior to trial, the United States Attorney filed a notice of nonopposition to Johnson's motion to suppress evidence. The notice stated that the government did not intend to use "156 grams of heroin" obtained as the result of the search of the backyard of Woods' home on June 29, 1972. At the close of the government's case, the trial court entered judgments of acquittal for all three Defendants on count four of the indictment. The jury found the Defendants guilty as charged on the other three counts of the indictment.

On appeal, Johnson contends that he was entrapped by Jackson, the government informant. White and Woods contend that they are entitled to the benefit of the alleged entrapment. Neither White nor Woods contends that he himself was directly entrapped. None of the Defendants claims error with respect to the instructions given by the trial judge on the entrapment issue. Those instructions included a reference to "the impermissible degree of government participation" and the explanation that, if the ounce of heroin involved in the June 14, 1972, "deal" had been supplied to Johnson by the government informant Jackson, then the Defendants must be acquitted.

■ We need not decide whether a co-conspirator can claim, as a defense for himself, the alleged entrapment of another co-conspirator. Instead, our review of all of the evidence convinces us that the jury was justified in rejecting the claim of entrapment as to any of the three Defendants. We need not consider the Defendants' claim that this case falls within the proposed "creative activity" doctrine of United States v. Russell, 459 F.2d 671 (9th Cir. 1972). After the date of oral argument, the doctrine has been rejected by the Supreme Court of the United States in United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 1640–1641, 36 L.Ed.2d 366 (1973).

■ On appeal, White contends that the evidence was insufficient to justify his conviction under count one, for conspiracy to distribute heroin, and count three, for distribution of one ounce of heroin on June 14. We reject the contentions of White.

The sale on June 14 took place under circumstances not unusual in cases of this nature. The sale involved a series of different locations with secretive and furtive movement by the parties involved. There was sufficient evidence to justify a jury concluding that White not only knew of the proposed sale by Johnson to Brandon, but also that White had aided and abetted in the initial attempt at the sale by serving as the lookout during the first meeting between Johnson and Brandon. The record does not explain why the government chose not to oppose the motion to suppress the evidence obtained in the search of Woods' home on June 29, 1972. The contents of the six plastic bags displayed to Brandon were never identified. Nevertheless, as to the activity leading up to the attempted sale on June 29, the evidence of White's statements over the telephone to Brandon is ample to justify a jury verdict of guilty on count one of the indictment. There is sufficient evidence on the record. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), United States v. Magana, 453 F.2d 414 (9th Cir. 1972).

■ White and Woods contend that error was committed when the trial court allowed into evidence the tape recordings taken by Brandon of his conversations with the Defendants during the negotiations leading up to the attempted second "deal." The Defendants rely upon the law of the State of California, prohibiting the interception of telephone conversations even when one of the parties has given prior consent to the interception, Cal.Penal Code § 632. This reliance upon a state law inconsistent with the applicable federal law is misplaced, 47 U.S.C. § 605, 18 U.S.C. § 2511(2)(c) 1970. See Amsler v. United States, 381 F.2d 37, at 49–50 (9th Cir. 1967).

The other contentions asserted by the Defendants do not possess sufficient merit to justify discussion. All the contentions have been considered carefully. They are rejected. The convictions in each instance are affirmed.