**UNITED STATES of America,
Appellee,**

v.

**Stanley Morton BASHAW, Appellant.**

**No. 74–2697.**

United States Court of Appeals,
Ninth Circuit.

Jan. 23, 1975.

John K. Van De Kamp, Federal Public Defender, Los Angeles, Cal., for appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and SOLOMON, District Judge.*

## OPINION

PER CURIAM:

In a jury trial, Bashaw was convicted on two charges of having unlawfully sold government property, violations of 18 U.S.C. § 641. On this appeal, Bashaw makes two contentions: (1) That the District Court erred in refusing to grant a mistrial because of the prosecutor's inquiry of Bashaw, while a witness in his own behalf, "Did you recently plead in state court to possession of drugs?" (2) Egregious error by the prosecutor in a comment, made during summation "that the defendant's evidence doesn't meet its burden of showing the defendant did not commit the crime charged."

Germane to the first contention is that the prosecutor was apparently not aware that the state charge was a misdemeanor and that the proceedings therein had not terminated. When the mistrial motion was made following the question, the district judge immediately and firmly admonished the jury that the question should be entirely disregarded.

Likewise, when objection was made to the above quoted portion of the prosecutor's summation, the district judge immediately and properly instructed the jury that it "must not accept the statements of counsel as to the law." Thereafter, the court carefully instructed the jury that it rested upon the prosecution to prove Bashaw's guilt beyond a reasonable doubt.

We do not condone the prosecutor's conduct. In fact, we condemn it, and overzeal on the part of a counsel for the Government of the United States affords no legitimate excuse for his prosecutorial misconduct. In the light of the prompt and careful curative instructions of the district judge, however, and in light of the further fact that the evidence of Bashaw's guilt was overwhelming, we are impelled to the conclusion that the prosecutor's misconduct was legally harmless and that the judgment of conviction should be, and it hereby is,

Affirmed.