UNITED STATES of America,
Plaintiff, ·

v.

Joseph John BENI, Defendant.

No. 75–CR–59.

United States District Court,
E. D. Wisconsin.

Aug. 13, 1975.

Randall J. Sandfort, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

James A. Walrath, Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

This is a criminal case in which defendant Joseph John Beni was indicted for unlawful possession and distribution of lysergic acid diethylamide ("LSD"), in violation of 21 U.S.C. § 841(a)(1). Defendant has filed a motion to suppress recordings or testimony relating to a telephone conversation between the defendant and an informant for the Drug Enforcement Administration ("DEA") and evidence derived from the conversation. For the reasons hereafter indicated, the suppression motion is denied.

An affidavit filed by defendant's attorney relates that in the afternoon of January 15, 1975, an informant for the DEA met agents Charles Lee and William Hehr at the DEA offices. The informant then placed a telephone call to the defendant which was monitored by agents Lee and Hehr. The informant was allegedly advised by the defendant that he had 4,000 units of LSD for sale at 65 cents per unit, and that he would meet the informant at the Tuxedo Lounge in Milwaukee, Wisconsin, at 5:00 P.M. that evening. Agents Lee and Hehr directed the informant to keep the appointment.

As a result of the monitored telephone conversation, undercover surveillance of the Tuxedo Lounge was instituted by DEA agents. The surveillance led to the arrest of the defendant and a search of his person, during which search a quantity of LSD was found.

The monitoring of the telephone conversation between the informant and the defendant was not pursuant to a court order or authorization and was without the defendant's knowledge and consent. Defendant has conceded in his brief, however, that the informant consented to the agents' monitoring of the telephone conversation.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 82 Stat. 211–225, 18 U.S.C. §§ 2510–2520, governs the interception of telephone communications and the use of the evidence thereby obtained. Section 2515, 18 U.S.C., provides in relevant part that:

"Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial * * * before any court * * * of the United States * * * if the disclosure of that information would be in violation of this chapter."

Under 18 U.S.C. § 2518(10)(a), any aggrieved person may move to suppress the use of such evidence at a trial on the grounds that:

"(i) the communication was unlawfully intercepted;

"(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or

"(iii) the interception was not made in conformity with the order of authorization or approval."

See, *United States v. Chavez,* 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380 (1974).

Defendant's concession that the informant had consented to the DEA agents monitoring the telephone call before he placed it necessitates the conclusion that the agents' interception of the call was not prohibited by Title III. Section 2511(2)(c), 18 U.S.C., provides:

"It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person

is a party to the communication or one of the parties to the communication has given prior consent to such interception."

Since the interception of the telephone conversation was lawfully accomplished under § 2511(2)(c), there is no basis for suppressing it or the evidence derived therefrom under § 2518(10)(a).

 Defendant has argued, however, that although the interception was lawful under Wisconsin law, § 968.31 (2)(b), Wis.Stats., it was still a privileged communication under the Wisconsin Electronics Surveillance Control Law, §§ 968.27–968.33, Wis.Stats., and its reception into evidence barred by *State ex rel. Arnold v. County Court,* 51 Wis. 2d 434, 187 N.W. 2d 354 (1971). In *Arnold,* the Court ruled that even if the interception of a telephone communication was not unlawful because it was accomplished with the consent of one of the parties, a recording of the conversation was not admissible in evidence because prior judicial authorization had not been obtained. Thus, defendant argues that the interception by the DEA agents was immunized from illegality under state as well as federal law and that the state law rule barring admission should apply.

Federal decisions, however, have rejected the argument that state rules of evidence governing the admissibility of interceptions are applicable where the interception is accomplished through exclusively federal activity. *United States v. Infelice,* 506 F.2d 1358, 1365 (7th Cir. 1974), cert. denied, 419 U.S. 1107, 95 S.Ct. 778, 42 L.Ed.2d 802 (1975); *United States v. Johnson,* 484 F.2d 165, 168 (9th Cir.), cert. denied, 414 U.S. 1112, 94 S.Ct. 842, 38 L.Ed.2d 739 (1973). See also, *United States v. Clegg,* 509 F.2d 605, 614 (5th Cir. 1975). Even where an interception is by means of a state authorized wiretap, the courts have not unanimously accepted the proposition that state law controls the admissibility of the interception in federal court. See, *United States v. Manfredi,*

488 F.2d 588, 598 n.7 (2d Cir. 1973), cert. denied, 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974) (dicta that state law may apply); *United States v. Curreri,* 388 F.Supp. 607, 614–618 (D.Md. 1974) (state rule more restrictive than Title III dealing with disclosure and use of intercepted communications not applicable in federal court).

Since the interception here was exclusively done by federal agents and was lawful under Title III, § 2511(2)(c), Wisconsin law does not govern its admissibility into evidence. *United States v. Infelice,* supra.

It is therefore ordered that defendant's motion to suppress is denied.