**UNITED STATES of America, Appellee,**

v.

**Armando GOMEZ, Appellant.**

**No. 75–1807.**

United States Court of Appeals, Ninth Circuit.

Sept. 17, 1975.
Certiorari Denied Jan. 19, 1976.
See 96 S.Ct. 859.

Bertha J. Carlos, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

## OPINION

Before CHAMBERS and BARNES, Circuit Judges, and von der HEYDT,[*] District Judge.

von der HEYDT, District Judge:

Appellant appeals from a judgment of conviction upon a charge of conspiracy to possess a controlled substance, heroin, with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.

Appellant advances three grounds for consideration of this court which he asserts constitute reversible error:

1. That defendant was denied his right to competent and adequate assistance of counsel.

2. That cross examination of defendant's character witness constituted improper and prejudicial error which could not be corrected by the Court's instruction.

3. That the non-disclosure of the prosecution's dealings, i. e., promises of leniency, with one Erickson a key witness, constituted prosecutional misconduct.

Turning to appellant's first contention we have examined the record and it appears clear that appellant was afforded effective counsel of his own choosing.

■ The appellant sets forth certain allegations beyond the record concerning the representation of his counsel. Since such matters are outside of the record this court may not rule on them. *Lowery v. United States,* 258 F.2d 194 (9th Cir. 1958). As to the matters within the record and properly before this court, appellant has failed to show that "the trial was a farce or a mockery of justice, or so ineffective as to shock the conscience of the court." *United States v. Steed,* 465 F.2d 1310 at 1317 (9th Cir. 1972).

■ Appellant's second contention centers on a question asked by the prosecutor of Eugene Esterbrook, one of the appellant's character witnesses. The question was "Were you aware or was it ever told to you by other members of the community that one of his sons [the appellant's] is a Federal fugitive?" This question was improper since it was used as a subterfuge to inform the jury upon a matter that would color their impression of the defendant rather than as an attempt at true impeachment. Nevertheless, we find that the improper question was harmless beyond any reasonable doubt since the trial judge immediately gave a cautionary instruction to disregard the question and since the prosecutor did not persist with the improper questioning. *See, United States v. Bashaw,* 509 F.2d 1204 (9th Cir. 1975).

■ The final contention of appellant is that the government failed to disclose a promise of leniency made to the principal government witness. This assertion has no support in the record. Further, the trial court specifically instructed the jury on the care to be used in judging the credibility of an informant.

Affirmed.

[*] The Honorable James A. von der Heydt, United States District Judge for the District of Alaska, sitting by designation.