UNITED STATES of America,
Plaintiff-Appellee,

v.

Tom B. JONES, Defendant-Appellant.

No. 75–1561.

United States Court of Appeals,
Ninth Circuit.

April 12, 1976.

Tom B. Jones, in pro per.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before: WRIGHT, CHOY and KENNEDY, Circuit Judges.

PER CURIAM:

Proceeding pro se, Jones appeals his jury conviction on fifteen counts of making false statements in applications for Federal Housing Administration (FHA) loan insurance. [18 U.S.C. § 1010] We affirm.

In the course of his business Jones, a licensed California real estate broker, would often attract real estate purchasers who were not only unable to finance the purchase, but could not qualify for FHA loan insurance. Jones solved the latter problem by causing to be made false representations of the name of the FHA applicant, his income, cash on hand, the length of continuous employment, the prospect of future continuous employment, or any combination of the above, as the situation demanded.

The grand jury charged Jones in 17 counts relating to seven separate real estate transactions. Jones was acquitted on counts five and six and convicted on all others. He was represented by retained counsel at trial.

Jones identifies numerous issues for review, seven of which warrant our discussion.

■ First, he asserts that the evidence was insufficient to support conviction on any count of the indictment. Of course, we must view the evidence in this case in a light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942); *United States v. Magana,* 453 F.2d 414, 415 (9th Cir. 1972). With this standard in mind,

we have reviewed the record and find that the evidence supports each jury verdict.

Second, Jones alleges that he did not himself prepare forms or submit any false documents to the FHA, and therefore could not be convicted under 18 U.S.C. § 1010. The trial court instructed the jury:

It is not necessary for the Government to prove that the defendant personally signed or physically delivered any documents to the Federal Housing Administration.

■ Defense counsel did not object to this instruction and Jones may not do so now. Fed.R.Crim.P. 30.

Third, Jones asserts that the government's failure to provide evidence to defense counsel prior to trial requires reversal on all counts. During a pre-trial interview the government learned from a Mrs. Hamlin, whose ensuing testimony related to counts five and six, that one of her sons had falsely signed the name of another son (his brother) on a document submitted to the FHA. The government did not inform defense counsel of this disclosure.

On direct examination, Mrs. Hamlin testified that the signature "Steven Hamlin" did not appear to be that of her son Steven. On cross-examination defense counsel inadvertently elicited from Mrs. Hamlin the statement that the "Steven Hamlin" signature was probably the signature of Glen, another son.

After a side bar conference the trial judge determined that the government's error was unduly prejudicial to defendant as to counts five and six. A judgment of acquittal was directed on those counts and the trial judge sought to cure any remaining prejudice by advising the jury:

Ladies and Gentlemen, as to Counts 5 and 6 of the Indictment—those are the counts which refer to Mrs. Hamlin—I have stricken all of the evidence of Mrs. Hamlin and the testimony. You should disregard her testimony completely; in other words, don't consider it in any way, and there will be no additional evidence

offered on Counts 5 and 6 of the Indictment.

In addition, it should be thoroughly understood by you that the Government does not contend, nor has it attempted to prove nor has it in any way proved in any way that the documents in reference to the Hamlin counts were signed by Mr. Jones. That is not part of the charge in this case and that testimony should not be considered by you in any way whatsoever in the consideration of those counts which were withdrawn.

R.T. 244–45.

 In the context of the entire trial, the likelihood that the government's error with respect to the Hamlin testimony unduly prejudiced the defense on the remaining counts is remote indeed. Moreover, the trial court was quick to correct the government's error by its "specific disapproving instructions." *Donnelly v. DeChristoforo*, 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431, 437 (1974). Finally, the evidence of Jones' guilt on counts one through four and seven through seventeen was strong, even overwhelming. *See United States v. Bashaw*, 509 F.2d 1204, 1205 (9th Cir. 1975). In view of these circumstances "we are impelled to the conclusion that the prosecutor's misconduct was legally harmless . . . ." *Id.*

Fourth, Jones argues that the trial court erred by failing to give *sua sponte* the "accomplice witness" instruction. It instructed the jury, per E. Devitt & C. Blackmar, Federal Jury Practice and Instruction § 12.01 (1970), to review carefully the testimony of all witnesses and consider the extent to which the testimony of each contradicted or corroborated the other evidence in the case. There was no error. *See United States v. McSweaney*, 507 F.2d 298, 301 (9th Cir. 1974).

Fifth, it is argued that the trial court improperly limited the length of defense counsel's closing argument. The Court did not terminate the argument but rather advised counsel when his allotted time was up. This was scarcely an abuse of discretion. *Cf. United States v. Salazar*, 425 F.2d 1284, 1287 (9th Cir. 1970). Moreover, neither defendant nor his counsel requested additional time. *See United States v. Mills*, 366 F.2d 512, 515 (6th Cir. 1966).

Sixth, Jones alleges error in the release of a drunken juror, and substitution of an alternate. Since the substitution was made before the jury retired to consider its verdict, it was clearly proper. Fed.R.Crim.P. 24(c). When allowable under Rule 24(c), the substitution decision is committed to the sound discretion of the trial judge. *United States v. Floyd*, 496 F.2d 982, 990 (2nd Cir. 1974). From this record we find the trial judge's decision to be wholly proper.

Seventh, Jones argues that he was not tried by a jury of his peers. However, there was no challenge to the array at trial. There can be none now. Fed.R.Crim.P. 12(b). *See Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 361–64, 83 S.Ct. 448, 461–462, 9 L.Ed.2d 357, 372–373 (1963). Jones presents no showing of prejudice which would justify relief from the requirement of Rule 12(b).

AFFIRMED.