**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10656 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-01860-RCC-LAB-10 |
| v. | |
| MARQUEZ SAMUEL REECE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted February 13, 2014[**]
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

Marquez Reece appeals the district court's denial of his motion for a mistrial based on prosecutorial misconduct. The motion was based on two incidents. On appeal, Reece argues that those incidents and others, alone or in combination, require reversal. We review the denial of the two-incident motion for abuse of discretion. United States v. Washington, 462 F.3d 1124, 1135 (9th Cir. 2006). As to the other incidents, harmless error review applies to those Reece objected to and plain error review applies to the others. United States v. Ruiz, 710 F.3d 1077, 1082 (9th Cir. 2013).

The government argues that Reece waived his right to challenge most of the incidents by failing to argue each in sufficient detail in his opening brief. See Fed. R. App. P. 28(a). Reece's brief is thin, but we will excuse any waiver because the underlying question here is whether prosecutorial misconduct deprived Reece of his due process right to a fair trial and that question must be answered by taking into account the whole trial. See, e.g., United States v. Younger, 398 F.3d 1179, 1190 (9th Cir. 2005). Also, it makes no difference.

It makes no difference because even if we consider every incident Reece identifies, we must still affirm because Reece suffered no prejudice. No matter the standard of review, prejudice is key to the analysis of prosecutorial misconduct challenges to conviction under the due process clause. See Smith v. Phillips, 455

U.S. 209, 219 (1982) ("Past decisions of this Court demonstrate that the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."). The purpose of our review is not to punish prosecutors, but to protect the rights of the accused. Id. Unless misconduct prejudices those rights, reversal is unwarranted.

A key factor in the prejudice analysis is the strength of the evidence against the accused. See, e.g., Ruiz, 710 F.3d at 1084 (finding error harmless due to strength of evidence); United States v. Bashaw, 509 F.2d 1204, 1206 (9th Cir. 1975) ("We do not condone the prosecutor's conduct. . . . [But] the evidence of Bashaw's guilt was overwhelming, [so] we are impelled to the conclusion that the prosecutor's misconduct was legally harmless . . . ."). Where the evidence is weak, a little prosecutorial misconduct goes a long way toward reversal. But where, as here, the evidence is overwhelming, it takes more to upset a conviction.

Here, the evidence was as overwhelming as it could get: Reece admitted to the jury that he violated 18 U.S.C. § 924(a)(1). The jury was instructed that the offense has three elements: "first, the defendant made a false statement or representation in a record that federal law requires a licensed firearms dealer to keep; second, the false statement or representation was made to a federally licensed firearms dealer; and third, the defendant knew that the statement or representation

3

was false." The first two elements were undisputed going into trial. And Reece admitted the third to the jury.

Reece's counsel acknowledges that his client "essentially confessed to the crime." In his opening brief, literally all he says about prejudice is that the prosecutor's "actions likely affected the jury's verdict and denied the defendant a fair trial." This is insufficient. Given Reece's confession at trial and his counsel's understandable inability to identify any prejudice, the district court did not abuse its discretion or otherwise commit reversible error by refusing to dismiss the case.

The parties should not construe our holding to mean that we approve of all the prosecutor's actions:

- We considered the several times the prosecutor came close to introducing excluded evidence.

- We considered the <u>Brady</u> violation.

- We considered the prosecutor's argumentative opening statement.

- We considered the numerous sustained objections to the prosecutor's improper questions.

- We considered whether the prosecutor alluded to facts in opening that she knew she would not prove.

- We considered whether she drew improper inferences from the evidence in closing.

4

- And we considered, quite carefully, whether the prosecutor called defense counsel a liar in closing.

But, after carefully reviewing everything Reece put before us, we are not convinced that reversal is warranted. We must respect the district court's determination, made from a far better vantage point than ours, that the prosecutor's errors deserved no sanction, much less the extreme sanction of dismissal of the indictment with prejudice. We cannot reverse that decision—and absolve Reece of responsibility for a crime he admits committing—on the record presented here. Reece got a fair trial.

AFFIRMED.