NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIKOLA CORPORATION, a Delaware
corporation,

        Plaintiff - Appellee,

 v.

TREVOR R. MILTON, a Utah resident,

        Defendant - Appellant.

No. 24-6210

D.C. No.
2:23-cv-02635-DJH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted February 3, 2026**
Phoenix, Arizona

Before: CALLAHAN, OWENS, and FRIEDLAND, Circuit Judges.

Trevor R. Milton seeks vacatur, under sections 10(a)(3) and (4) of the

Federal Arbitration Act ("FAA"), of a $167.727 million arbitration award he owes

to Nikola Corporation. He appeals the district court's confirmation of the award

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and entry of judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's confirmation of an arbitration award de novo. *Monster Energy Co. v. City Beverages, LLC*, 940 F.3d 1130, 1133 (9th Cir. 2019). Under the FAA, federal courts' "[r]eview of an arbitration award is 'both limited and highly deferential' and the arbitration award 'may be vacated only if it is completely irrational or constitutes manifest disregard of the law.'" *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)) (citation modified). "[F]or an arbitrator's award to be in manifest disregard of the law, 'it must be clear from the record that the arbitrator recognized the applicable law and then ignored it.'" *Id.* at 1290 (quoting *Mich. Mut. Ins. v. Unigard Sec. Ins.*, 44 F.3d 826, 832 (9th Cir. 1995)) (citation modified).

1. Milton's challenge to the arbitrators' allocation of fault mischaracterizes the Securities and Exchange Commission's ("SEC") Consent Order. The Summary of the Consent Order does not identify three independent bases for liability but instead merely summarizes the SEC's findings. And in the remainder of the Consent Order, the SEC repeatedly emphasizes that Milton's conduct was the cause of Nikola's violations. To the extent that Milton's argument is less about what the SEC articulated in the Consent Order and more about the share of

damages caused by his actions, it asks us to reevaluate the arbitrators' interpretation of facts, which would not be a basis for vacatur. *Coutee v. Barington Cap. Grp., L.P.*, 336 F.3d 1128, 1133-34 (9th Cir. 2003) ("Manifest disregard of the facts is not an independent ground for vacatur in this circuit." Where "arbitrators considered [a] factual dispute and resolved it in favor of [a party]," the court, on appeal, "ha[s] no authority to re-weigh the evidence.").

2. Milton's contention that the arbitrators manifestly disregarded the "burden of proof" for causation, although framed as a challenge to the arbitrators' interpretation of Delaware law, is actually an argument that the arbitrators' factual determinations about causation were erroneous. Again, courts cannot use disagreement with the arbitrators' factfinding as a basis for vacatur. *Id.*

3. Insofar as Milton contends that the arbitrators applied the wrong causation standard, his argument also fails. Delaware law establishes loose causation standards for assessing damages for breach of fiduciary duty. *See, e.g.*, *Thorpe by Castleman v. CERBCO, Inc.*, 676 A.2d 436, 444-45 (Del. 1996); *Metro Storage Int'l LLC v. Harron*, 275 A.3d 810, 859 (Del. Ch.), *judgment entered sub nom. In re Metro Storage Int'l LLC v. Harron*, 2022 WL 2473354 (Del. Ch. 2022). And the Delaware Supreme Court has made clear that courts have considerable power to impose equitable and monetary relief in cases involving a breach of the duty of loyalty. *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160,

176 (Del. 2002). The arbitrators comported with those standards in determining that Milton's breach of his duties of loyalty and good faith caused the fees for legal and professional representation incurred by Nikola, and in awarding damages.

4. Milton has failed to adequately present his challenge to the admission of unredacted invoices during the arbitration proceedings. Appellants are required to submit sufficient record evidence that would allow the court to assess the validity of any claims that turn on evidence. *See* Fed. R. App. P. 10(b)(2); 9th Cir. R. 30-1.2(a); 9th Cir. R. 30-1.4(b). Milton did not submit any invoices, redacted or unredacted, so we have no basis to evaluate his claim of procedural error, or way to determine whether any such error was harmless. *See In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002) (order); *Lowery v. United States*, 258 F.2d 194, 196-97 (9th Cir. 1958).

**AFFIRMED.**[1]

---

[1] Milton's motion for judicial notice, Docket No. 60, is denied as irrelevant to the issues in this appeal.