**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William H. FRAZIER and Clarice Reed,
Defendants-Appellants.**

**No. 16642.**

United States Court of Appeals
Sixth Circuit.

Sept. 2, 1966.

the District Court with willfully and knowingly attempting to evade and defeat a large part of the income taxes due and owing by Frazier to the Government, for the calendar years 1958, 1959 and 1960, by filing false and fraudulent income tax returns in violation of Title 26, U.S.C. Section 7201, and Title 18, U.S.C. Section 2. They waived a jury and were tried and convicted on all three counts by the District Judge. Frazier was fined six thousand dollars and sentenced to five years' imprisonment. Miss Reed was sentenced to three years' imprisonment.

The Government's theory was that Frazier was the principal and Reed aided and abetted him in his income tax evasion by concealing assets which were acquired with his funds and taken in her name. Frazier had been in the gambling business. The Government's proof was by the net worth and expenditure method, which it claimed showed substantial understatements of income by Frazier for the taxable years in question, and disproved financial ability of Reed to acquire the concealed assets with her own funds.

The principal item in the Government's net worth computations was the acquisition by Reed from Robert A. Berryman of a one-fourth interest in the Parkview Restaurant and Motel, in 1958, and another one-fourth interest therein in 1959. In this manner she became an equal partner with Berryman. Berryman testified that the negotiations for the purchases were conducted by both Frazier and Reed, and the transfer of the interests was made for $30,000, paid in cash in 1958, and another $30,000 paid in cash in 1959. He testified that Frazier told him to put the property in Reed's name because the Government might "grab this money some time later."

Frazier denied that he purchased any interest in the Parkview property or used any of his funds for this purpose. Reed admitted that she acquired the one-half interest in the property but de-

---

Joe P. Binkley, Nashville, Tenn., Richard H. Frank, Jr., Nashville, Tenn., Ward Hudgins, Nashville, Tenn., on brief, for appellants.

Rollie L. Woodall, Nashville, Tenn., James F. Neal, U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before WEICK, Chief Judge, CELEBREZZE, Circuit Judge, and GORDON, District Judge *.

PER CURIAM.

Appellants, Frazier and Reed, were charged in a three-count indictment in

---

* James F. Gordon, Judge of the United States District Court for the Western District of Kentucky, sitting by designation.

nied that she paid anything for it. She claimed that Berryman transferred the one-half interest in this valuable property to her in consideration for services to be rendered by her in managing the property and taking care of Berryman.

In 1960 Reed sold her one-half interest in the property in exchange for a $60,000-first mortgage thereon. The services which she rendered at the property extended over a period of only one and one-half years. In addition to receiving the $60,000-first mortgage, Reed made capital withdrawals from the partnership of $2,400.00 in 1959 and $6,036.12 in 1960.

Appellants contended that Berryman had a criminal record and the trial court should not have believed his testimony. The fact is that Frazier also had a criminal record which would appear to be no less odious than Berryman's. They had been cell mates in the same penitentiary. Reed had made false statements in an application which she made for a license for the Ninth Avenue Liquor Store. The relationship between Frazier and Reed was close.

There was evidence to corroborate Berryman's testimony. Prior to the sale he was short of cash and had substantial bills outstanding. He paid those bills after the sales in 1958 and 1959. Furthermore, Reed sold her interest in the property for the $60,000-first mortgage, which is the amount Berryman testified she paid to him.

■ The trier of the facts apparently found much to be desired in the testimony of Frazier, Reed and Berryman, but it was his function to believe or disbelieve all or part of the testimony of any witness or party. He was in a much better position than we are, to pass upon the credibility of witnesses. In our judgment there was substantial evidence to sustain the convictions.

■ Reed further contends that she did not participate in the preparation or filing of any of Frazier's income tax returns; and that she did not aid and abet in their preparation or filing, and hence was not guilty of the charges contained in the indictment. But if the evidence is to be believed, she did aid and abet in the evasion of Frazier's income taxes by concealing his property. Criminality attaches for this conduct alone, and it was not necessary for the Government to prove that she had anything to do with the actual preparation or filing of the income tax returns. United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943).

Affirmed.