UNITED STATES of America, Plaintiff-Appellee,

v.

Dennis G. CRUM, Defendant-Appellant.

No. 74–3023.

United States Court of Appeals, Ninth Circuit.

Jan. 20, 1976.

James R. Luppino (argued), Fresno, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Chief, Crim. Div., Stephen V. Wilson, Asst. U. S. Atty., Chief, Fraud and Special Prosecutions Div., Los Angeles, Cal., Steven D. Rathfon, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before WRIGHT, KILKENNY and TRASK, Circuit Judges.

WRIGHT, Circuit Judge:

Crum was convicted on four counts of aiding and assisting in the preparation of false income tax returns [26 U.S.C. § 7206(2)] and on this appeal argues that (a) the indictment is infirm because Section 7206(2) is inapplicable to those not preparers of tax returns, (b) the evidence was insufficient to sustain the verdict, and (c) the defendant was entitled to acquittal as a matter of law because of reliance on advice of counsel. There being no merit to any contention, we affirm the conviction on all counts.

An attorney, Galas, devised a scheme of enticing high income taxpayers and physicians in particular to invest in domesticated beavers as a tax shelter device. Galas solicited the aid of Monroe, an accountant, and Crum, who bred and sold beavers. The scheme employed the fraudulent use of depreciation deductions by backdating beaver purchase contracts. As purchasers became involved, Galas and Monroe participated by preparing the doctors' income tax returns.

All three schemers were indicted. Their usual procedure was to visit a prospect, ask for his income figures for his yet unfiled tax return, then suggest how many beavers he would need to reduce his income tax by use of the depreciation deduction. Crum admits that he attended two such meetings with Drs. McAdams and Harris.

Crum advised Dr. McAdams that investment in beavers would provide a good depreciation deduction and Crum heard Galas and Monroe tell the doctor how much deduction would be needed. A backdated beaver purchase contract was then signed by Crum and McAdams.

Some months later, when an IRS agent was in Dr. McAdams' waiting room with an appointment to discuss the doctor's tax return, Galas, Monroe and Crum entered through a rear door and persuaded McAdams to sign a new backdated contract which could be exhibited to the agent. Crum also signed it.

We reject Crum's contention that Section 7206(2) applies only to preparers of tax returns. In *United States v. Johnson*, 319 U.S. 503, 518, 63 S.Ct. 1233, 1240, 87 L.Ed. 1546 (1943), the Court said:[1]

> The nub of the matter is that they aided and abetted if they consciously were parties to the concealment of [a taxable business] interest . . . .

1. The court in *Johnson* was construing then 26 U.S.C. § 145(b) (53 Stat. 63, 1939 Code) (making it a felony for any person who, being subject to tax, "willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof"), together with then 18 U.S.C. § 550 (Section 332 of the Criminal Code) (the general aiding and abetting statute). *See* 319 U.S. at 514, 63 S.Ct. 1233.

2. The indictment charged that the defendants Galas, Monroe and Crum, on each of four counts, did "wilfully and knowingly aid and assist in, and counsel, procure, and advise the preparation and presentation to the Internal Revenue Service, of [false and fraudulent income tax returns]. . . ."

The district court's instruction tracked the indictment and instructed that the government must establish three essential elements to prove the offense:

In *United States v. Maius*, 378 F.2d 716, 718 (6th Cir. 1967), the court sustained a conviction under Section 7206(2) even though defendant was not a preparer. The court reasoned:

> There was sufficient evidence to support the conclusion of the jury that appellant was a party to the scheme of concealing the receipt of income and not reporting it on the corporate records, and this [sic] his knowledge of the use of such records in preparing the tax returns is sufficient . . . ..

*Accord United States v. Frazier*, 365 F.2d 316, 318 (6th Cir. 1966).

■ Since the reach of Section 7206(2) is clearly not limited to acts of tax return "preparers," the indictment in this case encompasses Crum's conduct.[2]

■ As for the sufficiency of the evidence argument, we view the evidence in a light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Magana*, 453 F.2d 414, 415 (9th Cir. 1972). The facts as we have outlined them amply support the jury's conclusion that Crum fraudulently backdated the purchase contracts, knowing that the false information would be used in the preparation of tax returns.[3] His complicity is beyond dispute.[4]

> First: That the income tax return described . . . was fraudulent or false as to some material matter;
> Second: That the defendant had aided or assisted in or procured or advised the preparation or filing of that return; and
> Third: That the defendant did so wilfully.

3. While the evidence relating to counts three and four was not as substantial as that relating to counts one and two, we need not inquire whether conviction under each count alone is proper, since Crum received concurrent sentences on all four counts. *See United States v. Westover*, 511 F.2d 1154, 1155 (9th Cir. 1975).

4. The court instructed the jury as to the "aids or assists in" language in 26 U.S.C. § 7206(2):

> "In order to aid and abet another to commit a crime it is necessary that the accused wilfully associate himself in some way with

We reject as frivolous Crum's argument that the evidence failed to show that the information on the returns was false as to any material matter under Section 7206(2). We can scarcely imagine anything more material than a false schedule designed to induce allowance of a wholly unwarranted depreciation deduction.

Reliance on advice of counsel is not a complete defense but only "a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent." *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961); *United States v. Piepgrass*, 425 F.2d 194, 198 (9th Cir. 1970).

In this case, before closing argument government and defense counsel proposed instructions with respect to the defense of reliance on advice of counsel. The district court seemed dissatisfied with each proposal, and commented: "It may be that I will give none whatsoever on it. . . ." In fact the district court, while instructing the jury, made no reference to that defense.

Fed.R.Crim.P. 30, 18 U.S.C., states in relevant part:

No party may assign as error any portion of the charge *or omission therefrom* unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

(Emphasis added.) Even assuming that an instruction on that defense should have been given, the record shows that Crum's counsel made no objection, distinct or otherwise, to the court's failure to do so. We cannot say on these facts that the district court's omission consti-

tuted "plain error," if it was error at all. *Compare United States v. Stone*, 431 F.2d 1286, 1289 (5th Cir. 1970).

Affirmed.

---

the criminal venture, and wilfully participates in it as he would in something he wishes to bring about; that is to say, that he wilfully seeks by some act or omission of his to make the criminal venture succeed.

"In making a determination as to whether the defendants aided or assisted in or procured or advised the preparation for filing of false income tax returns, the fact that the

defendants did not sign the income tax returns in question is not material to your consideration."

There was no objection to the first paragraph of the above instruction. Indeed, it is proper. As to the second paragraph, we have determined that it is a proper statement of the law. *See United States v. Maius, supra.*