**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                    No. 02-4066

FRANCEYN SECOR,
             *Defendant-Appellant.*

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                    No. 02-4069

WILLIAM J. DOUGHERTY, JR.,
             *Defendant-Appellant.*

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                    No. 02-4195

JOHN L. BLANCHARD,
             *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-01-47)

Argued: April 4, 2003

Decided: August 11, 2003

Before WILKINS, Chief Judge, and TRAXLER and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** David Glenn Barger, WILLIAMS MULLEN, P.C., McLean, Virginia, for Appellant Dougherty; Thomas W. Carpenter, THOMAS W. CARPENTER, P.C., Newport News, Virginia, for Appellant Secor; Stephen John Weisbrod, WEISBROD & PHILLIPS, P.C., Hampton, Virginia, for Appellant Blanchard. Raymond Edward Patricco, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Edward W. Wolcott, Jr., Samuel W. Meekins, Jr., WOLCOTT, RIVERS, WHEARY, BASNIGHT & KELLY, P.C., Virginia Beach, Virginia, for Appellant Dougherty. Paul J. McNulty, United States Attorney, Alexandria, Virginia; Robert J. Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this consolidated appeal, Franceyn Secor ("Secor"), John Blanchard ("Blanchard"), and William Dougherty ("Dougherty") challenge their convictions and sentences resulting from charges that they attempted to conceal Blanchard's income from the Internal Revenue Service ("IRS") in violation of several provisions of the Internal Revenue Code (the "Code"). Separately, Secor and Dougherty also challenge the validity of several of the district court's evidentiary rulings and its refusal to give certain jury instructions. For the following reasons, we find that their challenges lack merit and therefore affirm the judgment below.

I.

In 1989, Franceyn Secor and John Blanchard married and moved from New York to Williamsburg, Virginia, where Blanchard began working as a commissioned salesperson for Berryman Chemicals. Blanchard requested that Bob Berryman, the President of Berryman Chemicals, direct deposit his commission payments into Secor's bank account in Buffalo, New York. The government alleges that Blanchard made this request in order to evade payment of an existing tax liability to the IRS dating back to the early 1980s.

Shortly after moving to Virginia, Blanchard and Secor hired William Dougherty, a tax attorney and certified public accountant ("CPA"), to assist them with various tax-related matters. The formation of this business relationship would ultimately lead to the underlying prosecution. Blanchard, Secor, and Dougherty would become the brain trust behind the fraudulent tax scheme at issue. Dougherty's role in this scheme was both to assist Blanchard in avoiding his existing tax liability and to limit Secor's tax liability. To accomplish these objectives, Dougherty prepared and filed false tax returns on behalf of Blanchard and Secor throughout the early and mid-1990s. These tax returns falsely indicated that Secor earned income from Berryman Chemicals. In fact, Secor had never been employed by Berryman Chemicals but was instead employed by a local real estate company in Virginia.

In May 2001, a grand jury indicted Secor, Blanchard, and Dougherty on charges that they: (1) conspired to defraud the United States in violation of 18 U.S.C. § 371 (Count 1); (2) evaded payment of a tax liability in violation of 26 U.S.C. § 7201 (Counts 2-6); (3) attempted to evade tax payments in violation of 26 U.S.C. § 7201; (Counts 7-11); (4) made a false statement to the IRS in violation of 26 U.S.C. § 7206(1) (Count 12) and 18 U.S.C. § 1001 (Count 13); and (5) aided and abetted in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2) (Counts 14-21).

During the course of a two-week trial in October 2001, the government tried its case against Secor, Blanchard, and Dougherty. The government offered testimonial and documentary evidence to demonstrate the existence of a scheme to avoid paying Blanchard's

tax liability. First, the government offered Bob Berryman's testimony that Secor had never worked for his company, a fact which Blanchard affirmed when he testified in his own defense.[1] Second, the government proffered Dougherty's notes from meetings with Blanchard and Secor, which documented his advice to the couple to prepare their taxes in a manner that would permit Secor to evade tax liability and conceal Blanchard's ability to satisfy his existing tax liability. For example, in October 1991, Dougherty noted that "in order to keep [Secor] clear of [the] IRS," he would need to "redo[ ] [Secor's] 1040s showing all income to [Blanchard]" and that "[p]erhaps [B]lanchard should file, all income to him, MFS ('married filing single') for [19]89 and [19]90 — then wait two years — and go bankrupt." Additionally, in a February 5, 1996 letter to Blanchard, Dougherty wrote, "Do you need to rehide this money?" "I don't like the IRS having photocopies of all the financial activity — but know of no way to (a) suppress the date, not (b) delay any further."

Third, the government called IRS Agent Munn, who testified that: (1) each time the IRS attempted to levy one of Blanchard's accounts, he and Secor would open a new account in Secor's name and have his commission payments from Berryman Chemicals deposited into the new account; (2) Dougherty and Blanchard delayed the IRS's investigation of Blanchard by requesting numerous time extensions, failing to appear at scheduled appointments, and failing to bring the requested information with them when they did appear for the appointments; (3) the IRS's investigation of Blanchard revealed that from 1995 to 1998, Secor claimed on her tax filings to earn $542,232 from Berryman Chemicals, which was actually income that was earned by Blanchard; and (4) from the mid to late 1990s, despite Blanchard's protestations that his income was "very low," Blanchard and Secor maintained a "lavish lifestyle," which included purchases of items such as a cruise vacation, a membership to a golf club, and a Lexus LS400.

At the close of evidence, a jury convicted Blanchard on Counts 1-6 and 12 of the indictment, Secor on Counts 1, 7-11, and 13 of the

---

[1]Indeed, on cross-examination, Blanchard conceded that the income reflected on Secor's 1099's from 1988-2000 was income earned by him, not Secor.

indictment, and Dougherty on Counts 14-21 of the indictment. The jury acquitted Dougherty of conspiring to defraud the United States, Count 1 of the indictment. In January 2002, the district court sentenced Secor to 33 months of imprisonment on Counts 1, 7-11, and 13, to run concurrently, and ordered her to pay restitution in the amount of $253,746.52, as well as the costs of prosecution. The district court sentenced Blanchard to 57 months of imprisonment on Counts 1-6 and 12, to run concurrently on each count, and ordered him to pay $345,350.13 in restitution as well as the costs of prosecution. Finally, Dougherty was sentenced to 36 months of imprisonment on Counts 14-21, to run concurrently on each count, and ordered to pay restitution in the amount of $93,542.00 and the cost of prosecution. Secor, Blanchard, and Dougherty then timely filed this consolidated appeal.

## II.

In reviewing a challenge to the sufficiency of the evidence supporting a conviction, we must sustain the verdict if "there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Gallimore*, 247 F.3d 134, 136-37 (4th Cir. 2001) (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)). Questions concerning the admissibility of evidence or the propriety of including jury instructions are reviewed for abuse of discretion. *See United States v. Chin*, 88 F.3d 83, 87 (4th Cir. 1996) (noting that this Court reviews the refusal to admit evidence for abuse of discretion); *United States v. Whittington*, 26 F.3d 456, 462 (4th Cir. 1994) (setting forth the standard of review applicable to a challenge to the content or inclusion of a particular jury instruction). The district court's conclusion that a government agent's report does not contain statements discoverable under the Jencks Act is reviewed for clear error. *United States v. Escamilla*, 467 F.2d 341, 345 (4th Cir. 1972). Finally, this Court reviews the findings of fact supporting sentencing for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217-18 (4th Cir. 1989).

## III.

### A.

On appeal, Blanchard raises four issues. First, he challenges the sufficiency of the evidence supporting his conviction for conspiring

to defraud the United States in violation of 18 U.S.C. § 371 (Count 1). Second, he challenges the sufficiency of the evidence supporting his conviction for attempting to evade payment of taxes in violation of 26 U.S.C. § 7201 (Counts 2-6). Third, Blanchard contends that there is insufficient evidence to support his conviction for violating 26 U.S.C. § 7206(1), which prohibits the making of false statements to a government agency (Count 12). Finally, Blanchard argues that the court should have instructed the jury regarding willful failure to pay taxes, the lesser included offense of a § 371 violation. For the following reasons, we conclude that all of his arguments are devoid of merit.

1.

In order to satisfy its burden in proving a violation of § 371, "the government must prove that "an agreed upon objective of the criminal conspiracy was to thwart the IRS's efforts to determine and collect income taxes." *United States v. Hairston*, 46 F.3d 361, 374 (4th Cir. 1995) (internal quotation omitted). "A conviction under § 371 will not stand where impeding the IRS was only a collateral effect of the conspiracy." *Id.* Here, there is overwhelming evidence that Blanchard and Secor conspired to thwart the IRS's efforts to collect Blanchard's tax liability. The government proffered evidence that each time it attempted to levy one of Blanchard's bank accounts, he would open a new account in Secor's name. The government also demonstrated that despite Blanchard's putative penury, he and Secor maintained a "lavish lifestyle." In addition, Blanchard admitted, upon cross-examination, that the income reflected on Secor's Form 1099's from 1988 until 2000, was income that he, not Secor, earned. This evidence, viewed in the light most favorable to the government, is clearly sufficient to prove that Blanchard violated § 371.

2.

Blanchard also challenges the sufficiency of the evidence supporting his conviction under 26 U.S.C. § 7201. Section 7201 states in relevant part:

Any person who willfully attempts in any manner to evade . . . any tax imposed by this title or the payment thereof

shall, in addition to other penalties provided by law, be guilty of a felony and upon conviction thereof, shall be fined not more than $100,000 . . . or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7201. To prove a violation of § 7201, therefore, the government must demonstrate: (1) that the defendant acted willfully; (2) that the defendant committed an affirmative act that constituted an attempted evasion of tax payments; and (3) that a substantial tax deficiency existed. *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997). In determining whether a defendant has attempted to evade payment of his taxes in violation of § 7201, "[t]he jury may infer a 'willful attempt' from 'any conduct having the likely effect of misleading or concealing.'" *Id.* (internal citation omitted). In the instant case, while there is no dispute that Blanchard owed a substantial tax deficiency, Blanchard disputes that he took affirmative acts to evade payment of this tax liability.

The government, however, introduced evidence demonstrating that Blanchard: (1) requested that Berryman deposit his commission payments into an account held by Secor; (2) opened new bank accounts in Secor's name when the IRS attempted to levy on his old accounts; and (3) misled IRS agents by informing them on at least one occasion that his income was "very low" while, in fact, he had received substantial commission payments. Given the foregoing evidence and Blanchard's admission that the income from Berryman Chemicals listed on Secor's Form 1099's was income earned by him, the jury had ample basis to conclude that Blanchard took affirmative steps to evade payment of his tax liability.

3.

Blanchard also contests his conviction under Count 12 — filing false tax returns with the IRS in violation of 26 U.S.C. § 7206(1) — contending that he did not make a false statement either on Forms 433-A or Form 433-B. We also find this argument to be contradicted by the government's proofs.

The government may prove a violation of § 7206(1) by proffering evidence that: "(1) the defendant made and subscribed to a tax return

containing a written declaration; (2) the tax return was made under penalties of perjury; (3) the defendant did not believe the return to be true and correct as to every material matter; and (4) the defendant acted willfully." *United States v. Nocolaou*, 180 F.3d 565, 572 (4th Cir. 1999) (internal quotation omitted). The government produced evidence at trial, which included Berryman's testimony, that on Form 433-A, Blanchard falsely represented, *inter alia*, that he was employed by Secor as a chemical trader. Blanchard himself conceded this misrepresentation during cross-examination, when he admitted that he, not Secor, was employed by Berryman Chemicals. In light of this evidence, this Court concludes that there was sufficient evidence to convict Blanchard for violating § 7206(1). We therefore affirm his conviction on Count 12.

4.

Finally, Blanchard argues that the district court failed to charge the jury with the lesser-included offense § 371, "willful failure to pay taxes." This Court has noted, however, that defendants are not entitled to instructions regarding lesser-included offenses as a matter of course. *See United States v. Wright*, 131 F.3d 1111, 1112 (4th Cir. 1997). "In order to receive a lesser-included offense instruction, 'proof of the element that differentiates the two offenses must be sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense.'" *Wright*, 131 F.3d at 1112 (internal citation omitted). As explained in section III.A.1, however, there is ample evidence supporting the jury's finding that Blanchard was guilty of conspiracy to defraud the United States. Accordingly, we conclude that the district court did not abuse its discretion in refusing to provide the jury with Blanchard's proffered instruction. We now turn to the merits of Secor's appeal.

B.

On appeal, Secor challenges the sufficiency of the evidence supporting her convictions for: (1) conspiring to defraud the United States (Count 1); (2) attempting to evade tax payments in violation of 26 U.S.C. § 7201 (Counts 7-11); and (3) making false statements to the IRS in violation of 18 U.S.C. § 1001 (Count 13). Like Blanchard, she also argues that the district court erred in refusing to instruct the

jury on a lesser-included offense. Finally, Secor contends that the district court erred not only in requiring her to pay restitution for Blanchard's failure to pay his tax liability but also in refusing to recognize that she was a "minor participant" in the conspiracy. After reviewing the record and relevant case law, we affirm her convictions and sentence.

1.

Based on the evidence discussed above, the jury reasonably concluded that Blanchard and Secor conspired to defraud the United States in violation of 18 U.S.C. § 371. The government produced evidence demonstrating that Secor assisted Blanchard in concealing his income from the IRS by filing tax returns falsely indicating that she earned income from Berryman Chemicals. In furtherance of Blanchard's scheme to avoid the IRS's tax levies, Secor also permitted him to open new bank accounts in her name. This evidence amply buttresses the government's theory that Secor and Blanchard conspired to thwart the IRS's efforts to determine and collect Blanchard's income taxes. *See Hairston*, 46 F.3d at 374.

2.

Secor also argues that this Court should reverse her five convictions for attempting to evade tax payments in violation of 26 U.S.C. § 7201. She contends that there was a benign purpose for the income apportionment scheme that she and Blanchard implemented to report their income tax; to wit, the couple sought to separate their respective potential tax liabilities by filing separately. Alternatively, Secor contends that the apportionment of the income between herself and Blanchard for tax filing purposes "was designed to recognize Secor's $10,000 financial investment in Blanchard's re-entry into the chemical trading business in 1988 and to compensate her for foregoing her degree in anthropology." Br. for Appellants, at 26. Finally, Secor maintains that her convictions should be reversed because she not only filed her income taxes but also paid any tax liability she owed.

Section 7201 applies not only to a taxpayer who owes a deficiency but also to those who assist another in concealing his or her income from the IRS. *See, e.g.*, *United States v. Wilson*, 118 F.3d 228, 236

(4th Cir. 1997) (noting that an attorney who had assisted taxpayer-defendant in concealing his income and who prepared and executed false notes was guilty of violating § 7201); *United States v. Frazier*, 365 F.2d 316 (6th Cir. 1966) (finding non-taxpayer defendant guilty of willfully attempting to evade taxes by assisting co-defendant in concealing his assets). Thus, the issue is not whether Secor paid her own tax liability, but rather whether there is sufficient evidence to conclude that she assisted Blanchard in concealing his. As discussed above, there is ample evidence to support this conclusion, including Blanchard's testimony that Secor's tax returns falsely represented that she earned income from Berryman Chemicals. We therefore affirm her convictions under § 7201.

3.

Finally, Secor challenges the sufficiency of the evidence supporting her conviction for making a false statement to the IRS in violation of 18 U.S.C. § 1001. "A person is guilty of making false statements to a government agency when the government proves: (1) that the defendant made a false statement to a governmental agency or concealed a fact from it or used a false document knowing it to be false; (2) the defendant acted knowingly or willfully; and (3) the false statement . . . was material to a matter within the jurisdiction of the agency." *United States v. Sarihifard*, 155 F.3d 301, 306 (4th Cir. 1998). This Circuit has explained that "[a] statement is material if it has the natural tendency to influence, or is capable of influencing, the decision-making body to which it was addressed." *Id.* (internal quotation omitted).

The government alleges that on November 10, 1997, Secor told an IRS agent that since 1988, Blanchard had worked for her in her chemical trading business and that she had conversations with Bob Berryman concerning potential chemical purchases. Secor also claimed that she directed Berryman to deposit commission payments into her bank account because she would have a more active role in the chemical trading business. However, Berryman and Blanchard testified that Secor was *not* involved in Berryman's chemical business. This evidence supports the jury's conclusion that Secor's statement to the contrary was false and made in a willful effort to conceal Blanchard's actual income from the IRS, which was of course material. We con-

clude that there is sufficient evidence to sustain Secor's conviction under 18 U.S.C. § 1001 and therefore affirm her conviction on this count.

4.

In addition to her sufficiency of the evidence challenges, Secor argues that the district court abused its discretion by refusing to instruct the jury on the lesser-included offenses of (1) conspiracy to fail to pay taxes, which Secor maintains is contained in § 371, and (2) misdemeanor failure to pay income taxes under 26 U.S.C. § 7203. We find that the district court did not abuse its discretion in refusing these instructions.

First, we have concluded that there is sufficient evidence to sustain Secor's conviction under § 371, and thus, she would not be entitled to a lesser included offense on this charge. *See Wright*, 131 F.3d at 1112. Second, as to her claim that she was entitled to an instruction for misdemeanor failure to pay taxes, there is no evidence in the record that she requested that the district court provide this instruction. Because Secor did not raise this objection at trial, we review the district court's failure to provide this instruction for plain error. *United States v. Stitt*, 250 F.3d 878, 882-83 (4th Cir. 2001) (setting forth the standard of review where defendant fails to object at trial). To establish plain error, Secor must show that: (1) an error occurred; (2) the error was plain; (3) the error affected her substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Here, Secor fails to satisfy the plain error test. Even assuming that Secor had proffered the misdemeanor failure to pay taxes instruction, the Supreme Court has explained that under § 7201, a lesser-included offense instruction is necessary only if "there were disputed issues of fact which would enable the jury rationally to find that, although all of the elements of § 7201 have not been proved, all of the elements of the lesser included misdemeanor have been proved." *Sansone v. United States*, 380 U.S. 343, 351 (1965). Secor would not be entitled to the lesser included offense instruction because, as discussed above, there is sufficient evidence to sustain her conviction under § 7201.

5.

Next, Secor argues that the district court abused its discretion by refusing to admit a letter written by Dougherty to the IRS on January 1, 1998. Secor contends that the admission of this letter, which attempted to persuade the IRS that Secor's and Blanchard's financial activities were legitimate and not worthy of investigation, was relevant to her reliance upon advice of counsel defense.[2] The district court properly excluded Dougherty's letter because the statements contained therein were offered to prove the truth of the matter asserted — namely, that Secor's and Blanchard's income tax apportionment scheme was lawful — and thus were inadmissible under Federal Rule of Evidence 802. The district court therefore did not abuse its discretion by refusing to admit this evidence.

6.

Having affirmed Secor's convictions, we now turn to the two sentencing issues she has raised on appeal. First, Secor challenges the amount of tax loss the district court attributed to her at sentencing. Second, Secor contends that the district court erred in refusing to recognize that she was a "minor participant" in the offenses committed, a finding which would entitle her to a two to three-level decrease in her total offense level. After reviewing the record and the relevant statutory and case law, we affirm Secor's sentence.

Section 2T1.1(c) of the United States Sentencing Guidelines establishes a formula for the determination of the tax loss attributable to a defendant. Section 2T1.1(c) provides in relevant part: "If the offense involved tax evasion or a fraudulent or false return, statement, or

---

[2]Both Secor and Blanchard argue that they are entitled to invoke the reliance on advice of counsel defense. In order to properly invoke this defense, the defendant must demonstrate: (1) full disclosure of all pertinent facts to counsel; and (2) good faith reliance on counsel's advice. *See United States v. Butler*, 211 F.3d 826, 833 (4th Cir. 2000). Given the evidence that Blanchard and Secor knowingly filed false tax returns, they cannot satisfy the good faith prong of this defense. Accordingly, neither Blanchard nor Secor may avail himself or herself of the protections afforded under the reliance on advice of counsel defense.

other document, the tax loss is the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed)." U.S.S.G. § 2T1.1(c). At sentencing, the district court relied upon the facts and calculations set forth in Secor's pre-sentence report and concluded that Secor was liable for $253,746.52, the amount of tax deficiency owed by Blanchard during the years that Secor falsely claimed income from Berryman Chemicals. We conclude that this finding is not clearly erroneous.

Lastly, Secor argues that the district court erred when it concluded that she was not a "minor participant" in the tax evasion scheme, for the purpose of determining her total offense level. In order to determine whether a defendant is a "minor participant," the critical inquiry is . . . not whether the defendant has done fewer 'bad acts' than his [or her] co-defendants, but whether the defendant's conduct is material or essential to committing the offense." *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991). Here, the jury found that Secor filed false tax returns and made false statements to the IRS in an effort to conceal Blanchard's actual income from the IRS. Based on this evidence, this Court concludes that the district court's finding on this point was not erroneous, let alone clearly erroneous. Having affirmed Secor's convictions and sentence, the Court will now review the merits of Dougherty's appeal.

## C.

Dougherty raises a number of issues on appeal. First, Dougherty argues that there is insufficient evidence to support his convictions for aiding and abetting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2) (Counts 14-21). Second, Dougherty contends that four of his convictions for violating § 7206(2) — Counts 15, 17, 19, and 21 — should be reversed because there was a material variance in the indictment and the government's proffered evidence on these counts. Third, Dougherty claims that the district court abused its discretion when it: (1) denied Dougherty's Jencks Act request; (2) refused to admit into evidence a taped conversation between Dougherty and his former employee; (3) permitted the government to argue, over Dougherty's objection, that Dougherty had a legal duty as power of attorney to produce Secor's and Blanchard's tax records; and (4) provided the jury with a "deliberate ignorance" instruction.

Finally, Dougherty argues that the district court's factual findings at sentencing were clearly erroneous.

1.

Dougherty first challenges the sufficiency of the evidence supporting his convictions for aiding in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2). To prove a violation of this provision of the Internal Revenue Code, the government must demonstrate that: (1) the defendant aided, assisted, or otherwise caused the preparation of a return; (2) the return was fraudulent or false as to a material matter; and (3) the act was willful. *United States v. Aramony*, 88 F.3d 1369, 1382 (4th Cir. 1996). Dougherty does not dispute that he prepared Blanchard's and Secor's tax returns. Instead, he argues the government failed to prove that Dougherty knew that the tax returns were fraudulent or that he willfully prepared false tax returns. For the following reasons, we reject these arguments.

From 1995 until 2000, Dougherty prepared Secor's tax returns, which stated that she received income from Berryman Chemicals. Dougherty insists he was unaware that Secor was not employed at Berryman Chemicals. Blanchard, however, testified at trial that Dougherty was aware since 1994 that Blanchard, not Secor, earned income from Berryman Chemicals. Dougherty's records, which chronicle his practice of arbitrarily transferring income between Blanchard and Secor, similarly suggest he was aware that Secor was not employed by Berryman Chemicals. For example, in October 1991, Janel Lucas, a former employee of Dougherty's, wrote:

> With the chemical market "gone to hell[,]" apparently your cash flow has "gone to hell[.]" This puts a whole new perspective on how to proceed in filing these returns. If we file Franceyn's return showing the income as we had considered doing, she will of course owe tax. Now that cash flow is so bad, she will not be able to pay the tax and will be in serious tax trouble. That would make both of you in serious tax trouble. If we file the income going back to John, we have only one individual in trouble.

In Dougherty's November 25, 1991 written notes, he opined: "The original plan had been for [Secor] to be the primary money winner,

with John working for her . . . . [Secor] said they don't have money for tax . . . . Most important — Keep [SECOR] clear of IRS, which I agree. This[ ] [will] mean redoing [ ] [Secor's] 1040's showing all income to John."

In addition to arbitrarily transferring Berryman Chemical income between Blanchard and Secor, Dougherty also prepared and filed Secor's tax returns, reporting "cost of goods sold" deductions for chemical trade commissions Secor allegedly paid to Blanchard. As discussed above, however, Bob Berryman testified that Secor was never employed by, nor involved in any way with his chemical trading business, a fact which Blanchard affirmed. We conclude therefore that there is sufficient evidence to support the jury's finding that Dougherty willfully prepared and filed false tax returns in violation of § 7206(2).

2.

Dougherty also argues that his convictions on Counts 15, 17, 19 and 21 should be reversed because of an alleged material variance in the indictment and the government's proffered evidence. According to Dougherty, "the government charged [in the indictment] that Secor's Schedule C *overstated* her costs of goods sold in that she reported $73,000, $43,000, $81,466, and $66,808, when she allegedly should have reported '0.'" Br. of Appellants, at 27. At trial, however, the government offered evidence that Secor overstated her income.

The inquiry for determining whether a material variance exists requires this Court to assess whether "the government, through its presentation of evidence and/or its argument, . . . broadened the bases for conviction beyond those charged in the indictment . . . ." *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999). In *Randall*, we explained, however, that "not all differences in an indictment and the proof at trial, rise to the 'fatal' level of a constructive amendment. When different evidence is presented at trial but the evidence does not alter the crime charged in the indictment, a mere variance occurs." 171 F.3d at 203. "A mere variance does not violate a defendant's constitutional rights unless it prejudices the defendant by either surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense."

*Id.* This Court therefore must reverse a defendant's conviction only if the appellant demonstrates that the variance infringed on his substantial rights, resulting in actual prejudice. *See United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994).

Counts 15, 17, 19, and 21 allege that Dougherty prepared and filed false tax returns in violation of 26 U.S.C. § 7206(2). Whether the government presented evidence that Secor's tax returns overstated her income, or it proffered evidence that Dougherty overstated Secor's cost of goods deductions does not alter the core criminal conduct charged in the indictment — that Dougherty willfully assisted Secor in preparing and filing false tax returns. Accordingly, we conclude that there was no material variance in the indictment and the evidence presented at trial and therefore affirm Dougherty's convictions on these counts.[3]

3.

Next, Dougherty alleges that the district court abused its discretion when it made several evidentiary rulings and refused to provide the jury with a "deliberate ignorance" instruction. We find these challenges to be without merit.

First, Dougherty contends that the government's failure to produce IRS Agent Turner's Special Agent Report ("SAR") violated 18 U.S.C. § 3500 (the "Jencks Act") because "it was likely that Turner's testimony [at trial] fell within the scope of what he would have included in his SAR." Br. of Appellant William J. Dougherty, at 26. Mere allegations are insufficient to prove a violation of the Jencks Act. The defendant must establish an adequate foundation. *United States v. Boyd*, 53 F.3d 631, 633 (4th Cir. 1995). At Dougherty's request, the district court conducted an *in camera* review of the agent's report and concluded that "there [was] no Jencks material in this report that had not been provided to [Dougherty]." Dougherty did not object to the

---

[3]Secor also argues that her convictions on Counts 7 through 11 should be reversed because there is a material variance in the indictment and the evidence the government proffered against her at trial. As discussed in greater detail above, there is no material variance in the indictment and the evidence presented at trial and thus we affirm her convictions.

manner in which the district court conducted its review of the SAR and thus without more, we cannot conclude that the district court's finding on this issue is clearly erroneous.

Second, Dougherty claims that the district court erred by refusing to admit a taped conversation between himself and his former employee. Dougherty contends that this audiotaped conversation, in which he told his employee to "tell the truth" to the IRS, demonstrates his lack of willfulness in committing the offenses at issue and should have been admitted into evidence under Federal Rule of Evidence 803(3), as evidence of his then existing state-of-mind. At the time Dougherty made these statements, however, he was aware that he was under investigation by the IRS and that his employee had an appointment to meet with IRS agents later that day. Given the circumstances under which Dougherty made these statements, therefore, the district court properly excluded this evidence because Dougherty had time to reflect and fabricate. *See United States v. Reyes*, 239 F.3d 722 (5th Cir. 2001) (noting that for a hearsay statement to be admissible, it must have been contemporaneous with the state of mind sought to be proved and the defendant must not have had time to reflect and possibly fabricate or misrepresent his thoughts). In any event, Dougherty testified during trial that he told his former employee "just to tell the truth" and "don't lie." Thus, the district court properly refused to admit the taped conversation as it would have been duplicative of Dougherty's trial testimony. *See* Fed. R. Evid. 403 (explaining that the district court may exercise its discretion to exclude certain evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues . . . or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

Third, Dougherty argues that the government improperly argued at trial that Dougherty, as power of attorney for Blanchard and Secor, had a legal duty to produce the couple's tax documents, which were requested by the IRS as part of its investigation. Dougherty claims that the district court's failure to instruct the jury that Dougherty was under no such legal duty constituted an abuse of discretion. We disagree.

The indictment charged that Dougherty engaged in "obstructive behavior and delay tactics designed to conceal Blanchard and Secor's

income and assets from the IRS," by refusing "to provide the IRS with Blanchard's and Secor's bank statements and financial information, despite numerous requests and contacts by the IRS and assurances by Dougherty that he would provide them." The indictment did not allege that, as a power of attorney, Dougherty had a legal obligation to provide the documents. During trial, it was Dougherty's counsel who on direct examination first questioned Dougherty regarding his knowledge of any IRS rules or regulations that would obligate him to produce Blanchard's records. Dougherty responded that he was aware of a provision in the Internal Revenue Code related to power of attorneys. Thus, Dougherty's counsel "opened the door" to the government to pursue this line of questioning, and thus, the district court did not abuse its discretion in either permitting this testimony or refusing to instruct the jury that Dougherty was under no such legal duty. *See United States v. Mohr*, 318 F.3d 613, 626 (4th Cir. 2003).

Finally, Dougherty objects to the district court's decision to instruct the jury regarding "deliberate ignorance." A willful blindness or deliberate ignorance instruction allows a "jury to impute the element of knowledge to [a] defendant if the evidence indicates that he purposefully closed his eyes to avoid knowing what was taking place around him." *United States v. Schnabel*, 939 F.2d 197, 203 (4th Cir. 1991). The district court properly utilizes this instruction when the evidence supports an inference of deliberate ignorance on the part of the defendant. *United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996); *Schnabel*, 939 F.2d at 203 ("When there is evidence of both actual knowledge and deliberate ignorance . . . a willful blindness instruction is appropriate."). In this case, the issue was whether Dougherty was aware that Secor was not employed by Berryman Chemicals for purposes of convicting him under § 7206(2). Blanchard testified that Dougherty was aware that Berryman Chemicals did not employ Secor. Dougherty's records, furthermore, indicate that he not only willingly transferred income between Secor and Blanchard on their tax returns but was also concerned about alerting the IRS to Blanchard's whereabouts. Thus, even assuming that Dougherty did not have actual knowledge of this fact, the jury could reasonably conclude that Dougherty "closed his eyes to avoid knowing what was taking place around him." *Schnabel*, 939 F.2d at 203. Accordingly, we conclude that the district court did not abuse its discretion by instructing the jury on "deliberate ignorance."

4.

Having affirmed Dougherty's convictions, we now turn to his argument that the district court's factual findings at sentencing were clearly erroneous. After reviewing the record and the relevant case law, we conclude that there are no infirmities in the district court's findings of fact.

Dougherty first contests the district court's finding that he perjured himself at trial and therefore was entitled to a two-level enhancement under U.S.S.G. § 3C1.1. Section 3C1.1 permits the district court to impose a two-level enhancement "if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the . . . prosecution of the instant offense." U.S.S.G. § 3C1.1. In order to apply § 3C1.1 at sentencing, the district court must review the evidence and make an independent finding that the defendant: (1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive, rather than as a result of confusion or mistake. *United States v. Dunnigan*, 507 U.S. 87, 92-98 (1993).

At Dougherty's sentencing, the district court adopted the presentence report, which detailed the statements with which Dougherty committed perjury. After reviewing the record, we are satisfied that these findings of fact are not clearly erroneous. The district court satisfied the evidentiary inquiry required under *Dunnigan*, and thus, we affirm Dougherty's sentence. *See United States v. Gilliam*, 987 F.2d 1009, 1014 (4th Cir. 1993) (explaining that a court may adopt the findings of fact contained in a pre-sentence report at sentencing).

Dougherty also appeals the district court's decision to impose a $253,746.52 restitution order. The findings of fact set forth in the presentence report thoroughly detail the assistance Dougherty provided Blanchard in Blanchard's attempt to evade paying his tax deficiency. Because the district court adopted these findings and we find that these factual findings are not clearly erroneous, we affirm the district court's restitution order.

IV.

We have reviewed the record and the relevant statutory and case law and conclude that there are no infirmities warranting reversal of

Blanchard's, Secor's, or Dougherty's convictions or requiring re-sentencing. Accordingly, the jury's verdict and the district court's imposition of sentence in this matter are hereby

*AFFIRMED*.